IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNIE JACKSON,

     Plaintiff,

v.                                CASE NO. 1:20-cv-33-MW-GRJ

MAYO CORRECTIONAL
INSTITUTION, et al.

     Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

     Plaintiff, an inmate in the custody of the Florida Department of Corrections,  initiated this case by filing a pleading construed as a civil rights complaint in the Southern District of Florida.  ECF No. 1.  Because the Complaint concerned the conditions of confinement at Mayo Correctional Institution, which is located within this district and division, the case was transferred to this Court.  ECF Nos. 4, 10.   Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 9, and seeks leave to proceed as a pauper, ECF No. 15.[1]   For the following reasons, the

---

[1] Plaintiff's IFP motion was filed on the same day that the Court ordered him to show cause why the case should not be dismissed for failure to file his IFP motion.  ECF No. 13.  The show cause order will therefore be withdrawn.

undersigned finds that this case is due to be dismissed because Plaintiff is barred from proceeding as a pauper pursuant to the three-strikes bar under 28 U.S.C. § 1915(g) and because Plaintiff failed to truthfully disclose his prior case filing history.

A cursory initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A reveals that Plaintiff executed the civil rights complaint form under penalty of perjury. ECF No. 9 at 7. The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id.* at 3-4. Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of [their] incarceration (including habeas corpus petitions) or the conditions of [their] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id.* Further, prisoners must identify any federal court actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*

In response, Plaintiff provided only partial information for three cases. *Id.* at 3-5. However, a search of the PACER database reveals that Plaintiff has pursued more than two dozen federal civil lawsuits while incarcerated.

2

The Court has confirmed that the Plaintiff in this case is the same as the Plaintiff in the previously-filed cases, based upon his use of his DOC Inmate Number, #083419. It is unnecessary to identify each of these cases in detail, because it is clear that Plaintiff is also subject to the three-strikes bar, as described below.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id.* The Eleventh Circuit determined that dismissal was an appropriate sanction:

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v.*

4

*McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at \*2 (N.D. Fla. Aug. 6, 2009)

("If the court cannot rely on the statements or responses made by the

parties, it threatens the quality of justice. The court will not tolerate false

responses or statements in any pleading or motion filed before it.").

Plaintiff's failure to disclose his prior lawsuits warrants dismissal.

In addition to dismissal for abuse of the judicial process, Plaintiff is

subject to the three-strikes bar because, as previously mentioned, he has

had three or more prior civil actions or appeals dismissed on the grounds

that they were frivolous, malicious, or failed to state a claim upon which

relief may be granted.  *See Jackson v. Cohen, et al.*, No. 1:97-cv-1773-

JWK (S.D. Fla. Nov. 20, 1997) (dismissing civil rights complaint filed by

Plaintiff while incarcerated for failure to state a claim, pursuant to 28 U.S.C.

§ 1915A(b)(1)), *Jackson v. Burnham, et al.*, No. 3:98-cv-225-RV (N.D. Fla.

June 30, 1999) (dismissing civil rights complaint filed by Plaintiff while

incarcerated for failure to state a claim, pursuant to 28 U.S.C. §

1915(e)(2)B)(ii)), and *Jackson v. Burnham, et al.,* No. 3:01-cv-129-LAC

(N.D. Fla. July 23, 2001) (dismissing civil rights complaint filed by Plaintiff

while incarcerated as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

Indeed, Plaintiff's status as a "three-striker" has been recognized by this

court, *see Jackson v. Yuhas, et al.*, Case No. 3:14-cv-83-LC-EMT (N.D.

Fla. Feb. 27, 2014); *Jackson v. Santa Rosa Corr. Inst.,* No. 3:10-cv-344-
WS-EMT (N.D. Fla. Nov. 10, 2010), and the district court for the Middle
District of Florida, *see Jackson v. Singer, et al.*, No. 3:08-cv-713-HWM-
MLP (M.D. Fla. Nov. 3, 2008).

Plaintiff is therefore barred from proceeding as a pauper in a civil
action unless he is under "imminent danger of serious physical injury."
§ 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole,
alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387
F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not
grounded in specific facts which indicate that serious physical injury is
imminent are not sufficient to invoke the exception to § 1915(g). *See Martin
v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make
"specific fact allegations of ongoing serious physical injury, or a pattern of
misconduct evidencing the likelihood of imminent serious physical injury."
*Id.* Vague allegations of harm and unspecific references to injury are
insufficient.  *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A
claim by a prisoner that he faced a past imminent danger is insufficient to
allow him to proceed *in forma pauperis* pursuant to the imminent danger
exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999)
(holding that the exception is not triggered where threat of assault by other

6

prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff does not specifically allege he is under imminent danger of serious physical injury, and the facts asserted in his Complaint do not support such a finding.  Plaintiff alleges that while he was confined at Mayo CI, prison officials confiscated religious material, refused him religious headwear, and persecuted him based on his religion.  ECF No. 9.  These allegations do not suggest any imminent danger of serious physical injury, and in any event Plaintiff is now confined at Cross City CI.  *See* ECF No. 14 (notice of change of address).

A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

Accordingly, it is **ORDERED** that the Order to Show Cause, ECF No. 13, is **WITHDRAWN.**

For the reasons discussed herein, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process and pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 12th day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**